**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-24073-BLOOM/Louis**

REINA ISABEL FERNANDEZ and
SERGIO FLORES,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** is before the Court upon Defendant's Motion for Reconsideration of Order Granting in part and Denying in part Defendant's Motion to Exclude Plaintiffs' Expert Witness Ray Motola, M.D. Testimony Presented in Supplemental Expert Witness Report, ECF No. [58] ("Motion"), filed on January 10, 2021. Plaintiffs filed a Response to the Motion on January 12, 2021, ECF No. [59] ("Response"), to which Defendant replied, ECF No. [62] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    On December 17, 2020, Defendant filed a Motion to Exclude Plaintiffs' Expert Witness Ray Motola, M.D. Testimony Presented in Supplemental Expert Witness Report Served on December 8, 2020, or Alternatively to Continue Trial for Ninety Days to Allow Defendant to Conduct Discovery and Retain Additional Expert. ECF No. [45] ("Motion to Exclude"). On December 31, 2020, once the Motion to Exclude was fully briefed, this Court issued an Order granting in part and denying in part the Motion to Exclude in which the Court granted a limited continuance of the trial date to allow Defendant to depose Dr. Motola on the additional opinions

presented in his supplemental report by no later than February 1, 2021, but denied Defendant's request to conduct additional discovery and retain a rebuttal urologist. ECF No. [55] ("Order").

Defendant now moves pursuant to Federal Rule of Civil Procedure 60(b)(6) for this Court to "amend its order to continue the trial for ninety days (until April) to allow for the defense to conduct discovery on Dr. Motola's opinions and retain its rebuttal expert urologist." ECF No. [58] at 6; ECF No. [62] at 2. Plaintiffs oppose the Motion, arguing that it is yet another attempt by Defendant to delay the trial in this matter. Moreover, Plaintiffs note that they provided Defendant with Dr. Motola's dates of availability for a deposition on January 4, 2021, in compliance with this Court's Order, but they were advised that Defendant would not be utilizing those proposed dates, as they were seeking reconsideration of this Court's Order. ECF No. [59] at 2. Given Defendant's purported refusal to schedule Dr. Motola's deposition and its pattern of delay throughout this case, Plaintiffs request that the Motion be denied.

The Motion is ripe for this Court's consideration.[1]

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60 permits a party to seek relief from a court order in certain, specific circumstances.

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] In their respective briefs, both parties devote considerable energy to lobbing unnecessary accusations at one another and making irrelevant and petty remarks about the opposing party. After reviewing the briefing on this Motion, the Court feels compelled to remind the parties of their responsibility to act at all times in a manner consistent with the principles of professionalism and civility. The discourteous rhetoric presented here detracts from the merits of the substantive issues raised and denigrates the legal profession as a whole. Indeed, while it is appropriate to challenge a party's arguments as lacking in merit, it is entirely improper to attack a party itself merely because one disagrees with the opposing arguments. The Local Rules emphasize the "fundamental tenet of this Court" that attorneys be governed at all times by a spirit of professionalism and civility. The practice of law rightfully demands adherence to the highest levels of professionalism and civility. Counsels' gratuitous comments in this case fall well below expectations.

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).[2] A movant seeking relief pursuant to Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). Ultimately, "[a] Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. . . . and a technical error or a slight mistake by [a party's] attorney should not deprive [the party] of an opportunity to present the true merits of his claims." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).

"Under Rule 60(b)(6) — the 'catchall provision' — a court may relieve a party from a final judgment for 'any other reason that justifies relief.'" *Albors Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 803 F. App'x 226, 228 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)(6)). As the Eleventh Circuit has explained, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "A party seeking relief under Rule 60(b)(6) 'has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.'" *Albors Gonzalez*, 803 F. App'x at 228 (quoting *Griffin*, 722 F.2d at 680).

Moreover, a motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or

legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

Similarly, "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *PaineWebber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999) ("A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected and should be applied with finality and with conservation of judicial resources in mind." (internal quotation marks omitted)). Furthermore, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

> It is improper for defendant to utilize its Motion to Reconsider as a platform for rearguing (and expounding on) an argument previously considered and rejected in the underlying Order. *See Garrett v. Stanton*, [No. 08-0175-WS-M, 2010 WL 320492, at *2 (S.D. Ala. Jan. 18, 2010)] ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration . . . as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper."); *Hughes v. Stryker Sales Corp.*, [No. 08-0655-WS-N, 2010 WL 2608957, at *2] (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong'").

*Smith v. Norfolk S. Ry. Co.*, No. 10-0643-WS-B, 2011 WL 673944, at *2 (S.D. Ala. Feb. 17, 2011).

Nevertheless, a motion for reconsideration may be "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-cv-61194, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## II. DISCUSSION

In its Motion, Defendant argues that this Court's Order allowing Dr. Motola to be deposed, but denying Defendant the opportunity to retain its own urologist, "only compounds the inherent unfairness to the defense" arising from Plaintiffs' untimely supplemental disclosure. ECF No. [58] at 4. Additionally, Defendant specifically incorporates the arguments presented in its original Motion to Exclude, and renews its request for this Court to either reconsider its Order or continue the trial for ninety days to allow Defendant to conduct discovery on Dr. Motola's opinions and to retain a rebuttal expert urologist. *Id.* at 1, 5; ECF No. [62] at 4. In their Response, Plaintiffs argue that reconsideration is inappropriate because Defendant's Motion presents another attempt to resurrect its previously rejected requests to continue trial.

Upon review, Defendant's Motion is not well taken and reconsideration is not warranted in this case for a number of reasons. First, the Motion and Reply both fail to present any citations to relevant authority in support of Defendant's request for reconsideration under Rule 60(b)(6). *See Bryant v. Hasbro, Inc.*, No. 8:18-cv-1336-T-36CPT, 2020 WL 1332064, at *2 (M.D. Fla. Mar. 23, 2020) ("Plaintiff does not identify an intervening change in controlling law, identify new evidence, show a clear error that must be corrected, or demonstrate that reconsideration is required

6

to prevent manifest injustice. Plaintiff does no more than reargue matters already considered and ruled on by the Court." (citing *Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Lamar*, 189 F.R.D. at 489)). Thus, Defendant has not satisfied its heavy burden of establishing that "extraordinary circumstances support[] reconsideration." *Saint Croix Club of Naples, Inc.*, 2009 WL 10670066, at *1. Second, the Motion fails to raise any new issues or arguments that support granting the requested relief; rather, Defendant's Motion presents nothing more than its disagreement with the Court's Order. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." (citation and alterations omitted)).

Remarkably, by expressly reincorporating all of Defendant's earlier briefing on the Motion to Exclude into the instant Motion, Defendant makes its intention to reassert these previously unsuccessful arguments abundantly clear.[3] Yet, this attempt to relitigate issues that the Court previously considered—and rejected in part—runs afoul of the well-established principle that, "when there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the court's order]." (citations omitted)); *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014)

---

[3] Moreover, in its Reply, Defendant repeatedly comments on Plaintiffs' failure to provide any compelling explanation or justification for their untimely supplemental disclosure in their Response to the instant Motion. These arguments completely miss the mark. As discussed above, the parties previously fully briefed the issues raised in Defendant's Motion to Exclude, *see* ECF Nos. [45], [49], & [54], and the Court's Order addressed these issues, ECF No. [55]. Therefore, any attempt by either party to relitigate the arguments raised in the briefing on Defendant's Motion to Exclude would be both inappropriate and directly contrary to the underlying purpose of motions for reconsideration.

(finding that the "district court . . . acted entirely within its sound discretion in denying [the] motion for reconsideration" when the "bulk of [the] motion for reconsideration just reiterated [] already-rejected arguments"); *United States v. RG Logistics Inc.*, No. 19-cv-22670, 2020 WL 4923672, at *2 (S.D. Fla. Jan. 2, 2020).

Further, to the extent that Defendant argues that the Court's Order fails to adequately remedy the prejudice and patent unfairness that Defendant will face as a result of Plaintiffs' untimely supplemental report, the Court notes that it already granted the parties a sixty-day continuance to give Defendant the opportunity to take Dr. Motola's deposition and adjust its defense strategy accordingly. ECF No. [55]. Again, that Defendant disagrees with the adequacy of the relief granted in the Order does not, on its own, justify seeking reconsideration. Likewise, it is Defendant's responsibility to take advantage of this sixty-day continuance by scheduling Dr. Motola's deposition and preparing any necessary modifications to its defense. This Court will not revisit the previously unsuccessful arguments raised in Defendant's Motion to Exclude, absent a proper foundation to do so. *See Roggio*, 2013 WL 11320226, at *1 ("In addition to basing [the] reconsideration motion on [its] disagreements with the ruling, [Defendant] also raises the same arguments [] raised in [the Motion to Exclude]. This is not what a reconsideration motion is designed to accomplish." (citing *Smith*, 2011 WL 673944, at *2)). Here, because Defendant has failed to provide a sufficient basis for reconsideration, the Motion is denied. *See Hood*, 278 F. Supp. 2d at 1340 (noting that the movant "betray[s] an all-too-prevalent misconception of the litigation process, in which the knocked-out combatant seeks to portray what has taken place as a mere warmup rather than as the main event").

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [58]**, is **DENIED**.

8

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record